## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEMETRIUS HICKS<br>14 Wooten Court<br>Dover, DE 19904<br>　　　　Plaintiff,<br><br>　　　v.<br><br>ASSOCIATION OF AMERICAN MEDICAL<br>COLLEGES<br>DARRELL G. KIRCH, M.D.<br>DONNA WHITLOCK STEWART<br>2450 N Street, NW<br>Washington, DC 20037<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Association of American Medical Colleges

("AAMC"), Darrell G. Kirch, M.D. ("Kirch"), and Donna Whitlock Stewart ("Stewart"), by their

undersigned counsel and pursuant to 28 U.S.C. §§ 1441, et seq., hereby remove this action to this

Court from the Superior Court of the District of Columbia. In support of this Notice, Defendants

state as follows:

　　　1.　　　A civil action was commenced on December 27, 2006, and is now pending in the

Superior Court of the District of Columbia, captioned as Demetrius Hicks v. Association of

American Medical Colleges, et al., Civil Action Number 0009145-06 (the "State Court Action").

The Complaint alleges violations of federal and District of Columbia law, and requests monetary

and other relief, including interest, attorney's fees and costs. Plaintiff demanded trial by jury in

the State Court Action for all issues so triable.

LDR/190452.1

2.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and therefore this matter may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) without regard to the citizenship or residence of the parties.

3.    Defendants AAMC and Stewart were served on December 29, 2006. Defendant Kirch was served on January 3, 2007.

4.    This Notice of Removal is being filed within thirty (30) days of the date on which all Defendants received a copy of the Summons and Complaint, the initial pleading setting forth the claims against Defendants and from which Defendants first became aware of the claims in this action. Annexed to this Notice, in accordance with 28 U.S.C. § 1446, are copies of all process, pleadings, and orders served upon Defendants.

5.    Defendants will file a copy of this Notice with the Clerk of the Superior Court of the District of Columbia, in accordance with 28 U.S.C. § 1446(d).

6.    Defendants expressly reserve all rights and defenses relating to Plaintiff's claims.

WHEREFORE, Defendants respectfully request that the State Court Action be removed to this Court for all purposes.

Respectfully submitted,

ARENT FOX LLP

Michael L. Stevens  (D.C. Bar No. 384887)
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5339
(202) 857-6000

Attorney for Defendants

Dated: January 18, 2007

## CERTIFICATE OF SERVICE

I certify that I have this 18th day of January, 2007, caused a true and correct copy of the

foregoing Notice of Removal to be served by first-class mail, postage prepaid, upon:

> Michael J. Hoare, Esquire
> Dennis Chong, Esquire
> MICHAEL J. HOARE, P.C.
> 1101 14th Street, N.W., Suite 710
> Washington, DC 20005

Michael L. Stevens

# ANNEX 1

# PART A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DEMETRIUS HICKS

Vs.                                                    C.A. No.        2006 CA 009145 B

ASSOCIATION OF AMERICAN MEDICAL COLLEGES

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MAURICE ROSS
Date:    December 27, 2006
Initial Conference: 9:30 am, Friday, March 30, 2007
Location:  Courtroom B-52
          409 E Street, NW
          WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

DEMETRIUS HICKS

*Plaintiff*

vs.

ASSOCIATION OF AMERICAN
MEDICAL COLLEGES  *Defendant*

Civil Action No. _____

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Michael J. Hoare
Name of Plaintiff's Attorney

MICHAEL J. HOARE, P.C.
1101 14th Street, NW
Address

Suite 710

Washington, DC 20005
Telephone
(202) 408-7901

By _____
Deputy Clerk

Date ___12|27|00___

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456 Max 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

RECEIVED
Civil Clerk's Office

DEC 2 7 2006

Superior Court of the
District of Columbia
Washington, D.C.

DEMETRIUS HICKS                    )
14 Wooten Court                    )
Dover, DE  19904                   )
                                   )
         PLAINTIFF,                )
                                   )        CIVIL ACTION NO. _____
      v.                           )
                                   )
ASSOCIATION OF AMERICAN            )        PLAINTIFF DEMANDS HIS
MEDICAL COLLEGES                   )        TRIAL BY JURY
                                   )
DARRELL G. KIRCH, M.D.             )
                                   )
DONNA WHITLOCK STEWART             )
      2450 N St NW                 )
      Washington DC 20037          )
         DEFENDANTS.               )
                                   )

## VERIFIED COMPLAINT

Plaintiff brings this action against his former employer and its agents for damages and

other relief to remedy Plaintiff's wrongful and retaliatory discharge because he assisted a co-

worker obtain the wages due him for overtime hours for which he was not paid as required under

the law.

### I. Jurisdiction

1.    Jurisdiction over this action is proper pursuant to the District of Columbia

Minimum Wage Act, D.C. Code § 32-1010, and the Fair Labor Standards Act, 29 U.S.C. §

215(a)(3).

1

## II. The Parties

2.      Defendant Association of American Medical Colleges (AAMC) is an association of medical schools.  It provides services to academic institutions, organizations and individuals relative to medical education, medical research and patient care in academic settings.

3.      Defendant Dr. Kirch is Defendant AAMC's President.

4.      Defendant Stewart is Defendant AAMC's Assistant Vice President and its Director of Human Resources.

5.      Plaintiff Demetrius Hicks is a former employee of Defendant AAMC.

6.      Plaintiff was employed by Defendant AAMC during the period May 2005 through July 31, 2006.

7.      Plaintiff at all times performed his job in a competent and satisfactory manner.

8.      Plaintiff was not the subject of any disciplinary action or counseling prior to his efforts on Mr. James' behalf as outlined herein.

## III. Statement of Facts

9.      As of June 2006, Defendant AAMC failed to compensate certain of its non-exempt employees for hours worked overtime.

10.     In/about June 2006 Defendant AAMC changed its policy and practice and converted certain of its non-exempt employees from salaried status to hourly status, entitling them thereafter to compensation for hours worked overtime.

11.     Defendant AAMC decided also to provide certain of these same employees at least partial compensation for hours worked overtime in the past without compensation.

12.     Defendant AAMC decided to pay non-exempt employees associated with its IT

2

Support Desk for unpaid hours worked overtime in the recent past by providing such employees the difference between what they were paid for 35 hours and what they would have earned for 40 hours work during this abbreviated period, plus the value of any hours worked on weekends during that same period.

13.    Defendant AAMC's remedial program outlined above was to be administered by Defendant's Human Resources Department.

14.    In accordance with a directive from Defendant AAMC, each employee who was to receive retroactive overtime compensation was asked to submit specific information detailing any entitlement to overtime pay.

15.    As relevant here, Plaintiff forwarded to Defendant Stewart, as Defendant AAMC's Human Resources Director, the list of projects and weekend work performed by employee Eric James, advising Defendant Stewart, in essence, that he believed Mr. James was due overtime compensation and urging Defendant Stewart to compensate Mr. James accordingly.

16.    Defendant Stewart, as Defendant AAMC's Director of Human Resources, advised Plaintiff that Mr. James's representations could not be trusted as accurate and that she was going to initiate an investigation and would fire Mr. James if she could prove the recitation was wrong.

17.    In furtherance of Plaintiff's advocacy on behalf of Mr. James' entitlement to compensation for overtime worked, Plaintiff obtained records reflecting Mr. James's presence in Defendant's building on particular weekends in 2006 and provided them to Defendant Stewart to support his efforts to obtain for Mr. James the compensation Plaintiff believed was due him for unpaid overtime.

18.    Defendant Stewart responded negatively to Plaintiff's attempts to validate Mr.

3

James's time and attendance, criticizing Mr. James's veracity as well as Plaintiff's for supporting Mr. James' submission.

19.    Mr. James in time received payment for his time and attendance.

20.    Defendant Stewart, angered that Plaintiff attempted to obtain for Mr. James a full measure of compensation due him under the law, undertook an investigation of Plaintiff.

21.    On July 27, 2006, Defendant Stewart terminated Plaintiff, allegedly because he had provided false information on the employment application he submitted some 15 months earlier.

22.    Defendant Stewart told Plaintiff, in essence, that she personally contacted his previous employer and determined that his application had been falsified in two respects:  (a) he allegedly falsely stated on his application that he was a "contractor" at the previous employment, when he was an "employee," and, (b) he allegedly falsely stated that Tony Cruz was his supervisor at the previous employment when she determined Mr. Cruz reported to Plaintiff.

23.    Plaintiff disputed Defendant Stewart's statements but was terminated for the stated reason that he provided false information on his employment application.

24.    Plaintiff would not have been terminated but for his unwelcome advocacy on Mr. James' behalf.

25.    On August 1, 2006 Plaintiff wrote to Defendant Dr. Kirch regarding the above circumstances and expressed his concern that he had been terminated for supporting another employee's effort to collect compensation for hours worked overtime without pay.

26.    Defendant Dr. Kirch acknowledged receipt of Plaintiff's correspondence referenced above, did not dispute any of his assertions or concerns but ratified them, and has not

4

responded further to Plaintiff.

## IV. Claims

### Count 1
### Retaliation
### (District of Columbia Minimum Wage Act, § 32-1001 et seq.)

27.     Plaintiff incorporates by reference the allegations contained in the above paragraphs.

28.     Defendant AAMC is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

29.     Defendant Dr. Kirch is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

30.     Defendant Stewart is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

31.     Defendants terminated Plaintiff's employment because he advocated for and supported an employee's efforts to collect overtime wages due him under the District of Columbia's Minimum Wage Act but which the Defendants declined to provide.

32.     Plaintiff's conduct amounted to the assertion of his subordinate's statutory rights by taking action adverse to the Defendant AAMC.

33.     Defendants' conduct would likely deter a reasonable person from asserting his/her rights under the District of Columbia's Minimum Wage Act.

34.     Defendants' conduct was undertaken in response to Plaintiff's assertion of statutory rights.

35.     Defendants' conduct caused Plaintiff to lose wages and other financial incidents

5

of employment.

36.     Defendants' conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

37.     Defendants' conduct was outrageous, malicious, wanton, reckless, and/or in willful disregard for Plaintiff's rights under the law.

38.     Defendants' conduct caused Plaintiff to incur attorney's fees and litigation expenses.

39.     Defendants jointly and severally undertook the actions complained of herein.

40.     Defendants' conduct constitutes retaliation within the meaning of the District of Columbia Minimum Wage Act, D.C. Code § 32-1010.

**Count 2**
**Retaliation**
**(Fair Labor Standards Act, 29 U.S.C. § 215(a)(3))**

41.     Plaintiff incorporates by reference the allegations contained in the above paragraphs.

42.     Defendant AAMC is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

43.     Defendant Dr. Kirch is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

44.     Defendant Stewart is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

45.     Defendants terminated Plaintiff's employment because he supported an employee's efforts to collect overtime wages due him under the federal Fair Labor Standards Act.

46.    Plaintiff's conduct amounted to the assertion of his subordinate's statutory rights by taking action adverse to Defendant AAMC.

47.    Defendants' conduct would likely deter a reasonable person from asserting his/her rights under the federal Fair Labor Standards Act.

48.    Defendants' conduct was undertaken in response to Plaintiff's assertion of the aforesaid rights.

49.    Defendants' conduct constitutes retaliation within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

### Count 3

### (Wrongful Discharge in Violation of Public Policy)

50.    Plaintiff incorporates by reference the allegations contained in the above paragraphs.

51.    It is the policy of the District of Columbia that employees who work in excess of 40 hours be paid for the time worked over 40 hours at a rate not less than 1.5 times the employee's regular rate of pay. D.C. Code §32-1003 (c) (2006). The foregoing policy is intended to facilitate the corresponding policy of the District of Colombia that persons employed in the District of Columbia should be paid at wages sufficient to provide adequate maintenance and to protect the employee's health and well being. D.C. Code §32-1001 (a) (2006).

52.    Defendants' conduct in terminating Plaintiff's employment because he advocated on behalf of and supported an employee in efforts to collect overtime wages due him under the District of Columbia Minimum Wage Act was undertaken in contravention of the public policy of the District of Columbia.

7

## III. JURY DEMAND

53.     Plaintiff demands a trial by jury on all counts of this Complaint.


WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for all compensatory, punitive and other damages available under the law, prejudgment and postjudgment interest, reasonable attorney's fees and costs herein expended, and other relief as the Court deems just and proper.


Respectfully submitted,

Michael J. Hoare [DC Bar # 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003
202-408-7901
202-408-7903 (fax)
Attorney for Plaintiff


The factual allegations set out above are true and correct.

Demetrius Hicks

8



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DEMETRIUS HICKS

Vs.                                                      C.A. No.        2006 CA 009145 B

ASSOCIATION OF AMERICAN MEDICAL COLLEGES

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure "SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MAURICE ROSS
Date:  December 27, 2006
Initial Conference: 9:30 am, Friday, March 30, 2007
Location:  Courtroom B-52
          409 E Street, NW
          WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

DEMETRIUS HICKS

*Plaintiff*

vs.                                                    Civil Action No. _____

DARRELL G. KIRCH, M.D.

*Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Michael J. Hoare
_____
Name of Plaintiff's Attorney

MICHAEL J. HOARE, P.C.                By _____
1101 14th Street, NW                              Deputy Clerk
_____
Address
    Suite 710

Washington, DC 20005              Date _____12/27/06_____
_____
Telephone
(202) 408-7901

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/Mar 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office

DEC 2 7 2006

Superior Court of the
District of Columbia
Washington, D.C.

DEMETRIUS HICKS                        )
14 Wooten Court                        )
Dover, DE  19904                       )
                                       )
        PLAINTIFF,                     )
                                       )        CIVIL ACTION NO. _____
        v.                             )
                                       )
ASSOCIATION OF AMERICAN                )        PLAINTIFF DEMANDS HIS
MEDICAL COLLEGES                       )        TRIAL BY JURY
                                       )
DARRELL G. KIRCH, M.D.                 )
                                       )
DONNA WHITLOCK STEWART                 )
2450 N St. NW                          )
Washington DC 20037                    )
        DEFENDANTS.                     )
                                       )

## VERIFIED COMPLAINT

Plaintiff brings this action against his former employer and its agents for damages and

other relief to remedy Plaintiff's wrongful and retaliatory discharge because he assisted a co-

worker obtain the wages due him for overtime hours for which he was not paid as required under

the law.

### I. Jurisdiction

1.      Jurisdiction over this action is proper pursuant to the District of Columbia

Minimum Wage Act, D.C. Code § 32-1010, and the Fair Labor Standards Act, 29 U.S.C. §

215(a)(3).

1

## II. The Parties

2.     Defendant Association of American Medical Colleges (AAMC) is an association of medical schools.  It provides services to academic institutions, organizations and individuals relative to medical education, medical research and patient care in academic settings.

3.     Defendant Dr. Kirch is Defendant AAMC's President.

4.     Defendant Stewart is Defendant AAMC's Assistant Vice President and its Director of Human Resources.

5.     Plaintiff Demetrius Hicks is a former employee of Defendant AAMC.

6.     Plaintiff was employed by Defendant AAMC during the period May 2005 through July 31, 2006.

7.     Plaintiff at all times performed his job in a competent and satisfactory manner.

8.     Plaintiff was not the subject of any disciplinary action or counseling prior to his efforts on Mr. James' behalf as outlined herein.

## III. Statement of Facts

9.     As of June 2006, Defendant AAMC failed to compensate certain of its non-exempt employees for hours worked overtime.

10.     In/about June 2006 Defendant AAMC changed its policy and practice and converted certain of its non-exempt employees from salaried status to hourly status, entitling them thereafter to compensation for hours worked overtime.

11.     Defendant AAMC decided also to provide certain of these same employees at least partial compensation for hours worked overtime in the past without compensation.

12.     Defendant AAMC decided to pay non-exempt employees associated with its IT

2

Support Desk for unpaid hours worked overtime in the recent past by providing such employees the difference between what they were paid for 35 hours and what they would have earned for 40 hours work during this abbreviated period, plus the value of any hours worked on weekends during that same period.

13.    Defendant AAMC's remedial program outlined above was to be administered by Defendant's Human Resources Department.

14.    In accordance with a directive from Defendant AAMC, each employee who was to receive retroactive overtime compensation was asked to submit specific information detailing any entitlement to overtime pay.

15.    As relevant here, Plaintiff forwarded to Defendant Stewart, as Defendant AAMC's Human Resources Director, the list of projects and weekend work performed by employee Eric James, advising Defendant Stewart, in essence, that he believed Mr. James was due overtime compensation and urging Defendant Stewart to compensate Mr. James accordingly.

16.    Defendant Stewart, as Defendant AAMC's Director of Human Resources, advised Plaintiff that Mr. James's representations could not be trusted as accurate and that she was going to initiate an investigation and would fire Mr. James if she could prove the recitation was wrong.

17.    In furtherance of Plaintiff's advocacy on behalf of Mr. James' entitlement to compensation for overtime worked, Plaintiff obtained records reflecting Mr. James's presence in Defendant's building on particular weekends in 2006 and provided them to Defendant Stewart to support his efforts to obtain for Mr. James the compensation Plaintiff believed was due him for unpaid overtime.

18.    Defendant Stewart responded negatively to Plaintiff's attempts to validate Mr.

3

James's time and attendance, criticizing Mr. James's veracity as well as Plaintiff's for supporting Mr. James' submission.

19.     Mr. James in time received payment for his time and attendance.

20.     Defendant Stewart, angered that Plaintiff attempted to obtain for Mr. James a full measure of compensation due him under the law, undertook an investigation of Plaintiff.

21.     On July 27, 2006, Defendant Stewart terminated Plaintiff, allegedly because he had provided false information on the employment application he submitted some 15 months earlier.

22.     Defendant Stewart told Plaintiff, in essence, that she personally contacted his previous employer and determined that his application had been falsified in two respects: (a) he allegedly falsely stated on his application that he was a "contractor" at the previous employment, when he was an "employee," and, (b) he allegedly falsely stated that Tony Cruz was his supervisor at the previous employment when she determined Mr. Cruz reported to Plaintiff.

23.     Plaintiff disputed Defendant Stewart's statements but was terminated for the stated reason that he provided false information on his employment application.

24.     Plaintiff would not have been terminated but for his unwelcome advocacy on Mr. James' behalf.

25.     On August 1, 2006 Plaintiff wrote to Defendant Dr. Kirch regarding the above circumstances and expressed his concern that he had been terminated for supporting another employee's effort to collect compensation for hours worked overtime without pay.

26.     Defendant Dr. Kirch acknowledged receipt of Plaintiff's correspondence referenced above, did not dispute any of his assertions or concerns but ratified them, and has not

4

responded further to Plaintiff.

## IV. Claims

### Count 1
### Retaliation
### (District of Columbia Minimum Wage Act, § 32-1001 et seq.)

27.     Plaintiff incorporates by reference the allegations contained in the above paragraphs.

28.     Defendant AAMC is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

29.     Defendant Dr. Kirch is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

30.     Defendant Stewart is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

31.     Defendants terminated Plaintiff's employment because he advocated for and supported an employee's efforts to collect overtime wages due him under the District of Columbia's Minimum Wage Act but which the Defendants declined to provide.

32.     Plaintiff's conduct amounted to the assertion of his subordinate's statutory rights by taking action adverse to the Defendant AAMC.

33.     Defendants' conduct would likely deter a reasonable person from asserting his/her rights under the District of Columbia's Minimum Wage Act.

34.     Defendants' conduct was undertaken in response to Plaintiff's assertion of statutory rights.

35.     Defendants' conduct caused Plaintiff to lose wages and other financial incidents

of employment.

36.    Defendants' conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

37.    Defendants' conduct was outrageous, malicious, wanton, reckless, and/or in willful disregard for Plaintiff's rights under the law.

38.    Defendants' conduct caused Plaintiff to incur attorney's fees and litigation expenses.

39.    Defendants jointly and severally undertook the actions complained of herein.

40.    Defendants' conduct constitutes retaliation within the meaning of the District of Columbia Minimum Wage Act, D.C. Code § 32-1010.

## Count 2
## Retaliation
### (Fair Labor Standards Act, 29 U.S.C. § 215(a)(3))

41.    Plaintiff incorporates by reference the allegations contained in the above paragraphs.

42.    Defendant AAMC is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

43.    Defendant Dr. Kirch is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

44.    Defendant Stewart is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

45.    Defendants terminated Plaintiff's employment because he supported an employee's efforts to collect overtime wages due him under the federal Fair Labor Standards Act.

6

46.    Plaintiff's conduct amounted to the assertion of his subordinate's statutory rights by taking action adverse to Defendant AAMC.

47.    Defendants' conduct would likely deter a reasonable person from asserting his/her rights under the federal Fair Labor Standards Act.

48.    Defendants' conduct was undertaken in response to Plaintiff's assertion of the aforesaid rights.

49.    Defendants' conduct constitutes retaliation within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

### Count 3

### (Wrongful Discharge in Violation of Public Policy)

50.    Plaintiff incorporates by reference the allegations contained in the above paragraphs.

51.    It is the policy of the District of Columbia that employees who work in excess of 40 hours be paid for the time worked over 40 hours at a rate not less than 1.5 times the employee's regular rate of pay. D.C. Code §32-1003 (c) (2006). The foregoing policy is intended to facilitate the corresponding policy of the District of Colombia that persons employed in the District of Columbia should be paid at wages sufficient to provide adequate maintenance and to protect the employee's health and well being. D.C. Code §32-1001 (a) (2006).

52.    Defendants' conduct in terminating Plaintiff's employment because he advocated on behalf of and supported an employee in efforts to collect overtime wages due him under the District of Columbia Minimum Wage Act was undertaken in contravention of the public policy of the District of Columbia.

### III. JURY DEMAND

53.    Plaintiff demands a trial by jury on all counts of this Complaint.


WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for

all compensatory, punitive and other damages available under the law, prejudgment and

postjudgment interest, reasonable attorney's fees and costs herein expended, and other relief as

the Court deems just and proper.


Respectfully submitted,

Michael J. Hoare [DC Bar # 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003
202-408-7901
202-408-7903 (fax)
Attorney for Plaintiff


The factual allegations set out above are true and correct.

Demetrius Hicks

8



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DEMETRIUS HICKS

Vs.                                                    C.A. No.        2006 CA 009145 B

ASSOCIATION OF AMERICAN MEDICAL COLLEGES

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MAURICE ROSS
Date:   December 27, 2006
Initial Conference: 9:30 am, Friday, March 30, 2007
Location:  Courtroom B-52
          409 E Street, NW
          WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

DEMETRIUS HICKS

*Plaintiff*

VS.

JOHN WHITLOCK STEWART

*Defendant*

Civil Action No. _____

0009145-06

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Michael J. Hoare
Name of Plaintiff's Attorney
MICHAEL J. HOARE, P.C.
1101 14th Street, NW
Address
Suite 710
Washington, DC  20005
(202) 408-7901
Telephone

By _____
Deputy Clerk

Date _____ 12 27 06

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(0)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office

DEC 2 7 2006

Superior Court of the
District of Columbia
_____ D.C.

| | |
|---|---|
| DEMETRIUS HICKS )<br>14 Wooten Court )<br>Dover, DE 19904 )<br> )<br>PLAINTIFF, )<br> )<br>v. )<br> )<br>ASSOCIATION OF AMERICAN )<br>MEDICAL COLLEGES )<br> )<br>DARRELL G. KIRCH, M.D. )<br> )<br>DONNA WHITLOCK STEWART )<br>2450 N St. NW )<br>Washington, DC 20037 )<br>DEFENDANTS. )<br> ) | CIVIL ACTION NO. _____ 0009145-06<br><br>PLAINTIFF DEMANDS HIS<br>TRIAL BY JURY |

## VERIFIED COMPLAINT

Plaintiff brings this action against his former employer and its agents for damages and other relief to remedy Plaintiff's wrongful and retaliatory discharge because he assisted a co-worker obtain the wages due him for overtime hours for which he was not paid as required under the law.

### I. Jurisdiction

1.  Jurisdiction over this action is proper pursuant to the District of Columbia Minimum Wage Act, D.C. Code § 32-1010, and the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

1

## II. The Parties

2.      Defendant Association of American Medical Colleges (AAMC) is an association of medical schools.  It provides services to academic institutions, organizations and individuals relative to medical education, medical research and patient care in academic settings.

3.      Defendant Dr. Kirch is Defendant AAMC's President.

4.      Defendant Stewart is Defendant AAMC's Assistant Vice President and its Director of Human Resources.

5.      Plaintiff Demetrius Hicks is a former employee of Defendant AAMC.

6.      Plaintiff was employed by Defendant AAMC during the period May 2005 through July 31, 2006.

7.      Plaintiff at all times performed his job in a competent and satisfactory manner.

8.      Plaintiff was not the subject of any disciplinary action or counseling prior to his efforts on Mr. James' behalf as outlined herein.

## III. Statement of Facts

9.      As of June 2006, Defendant AAMC failed to compensate certain of its non-exempt employees for hours worked overtime.

10.     In/about June 2006 Defendant AAMC changed its policy and practice and converted certain of its non-exempt employees from salaried status to hourly status, entitling them thereafter to compensation for hours worked overtime.

11.     Defendant AAMC decided also to provide certain of these same employees at least partial compensation for hours worked overtime in the past without compensation.

12.     Defendant AAMC decided to pay non-exempt employees associated with its IT

2

Support Desk for unpaid hours worked overtime in the recent past by providing such employees the difference between what they were paid for 35 hours and what they would have earned for 40 hours work during this abbreviated period, plus the value of any hours worked on weekends during that same period.

13.    Defendant AAMC's remedial program outlined above was to be administered by Defendant's Human Resources Department.

14.    In accordance with a directive from Defendant AAMC, each employee who was to receive retroactive overtime compensation was asked to submit specific information detailing any entitlement to overtime pay.

15.    As relevant here, Plaintiff forwarded to Defendant Stewart, as Defendant AAMC's Human Resources Director, the list of projects and weekend work performed by employee Eric James, advising Defendant Stewart, in essence, that he believed Mr. James was due overtime compensation and urging Defendant Stewart to compensate Mr. James accordingly.

16.    Defendant Stewart, as Defendant AAMC's Director of Human Resources, advised Plaintiff that Mr. James's representations could not be trusted as accurate and that she was going to initiate an investigation and would fire Mr. James if she could prove the recitation was wrong.

17.    In furtherance of Plaintiff's advocacy on behalf of Mr. James' entitlement to compensation for overtime worked, Plaintiff obtained records reflecting Mr. James's presence in Defendant's building on particular weekends in 2006 and provided them to Defendant Stewart to support his efforts to obtain for Mr. James the compensation Plaintiff believed was due him for unpaid overtime.

18.    Defendant Stewart responded negatively to Plaintiff's attempts to validate Mr.

3

James's time and attendance, criticizing Mr. James's veracity as well as Plaintiff's for supporting Mr. James' submission.

19.     Mr. James in time received payment for his time and attendance.

20.     Defendant Stewart, angered that Plaintiff attempted to obtain for Mr. James a full measure of compensation due him under the law, undertook an investigation of Plaintiff.

21.     On July 27, 2006, Defendant Stewart terminated Plaintiff, allegedly because he had provided false information on the employment application he submitted some 15 months earlier.

22.     Defendant Stewart told Plaintiff, in essence, that she personally contacted his previous employer and determined that his application had been falsified in two respects: (a) he allegedly falsely stated on his application that he was a "contractor" at the previous employment, when he was an "employee," and, (b) he allegedly falsely stated that Tony Cruz was his supervisor at the previous employment when she determined Mr. Cruz reported to Plaintiff.

23.     Plaintiff disputed Defendant Stewart's statements but was terminated for the stated reason that he provided false information on his employment application.

24.     Plaintiff would not have been terminated but for his unwelcome advocacy on Mr. James' behalf.

25.     On August 1, 2006 Plaintiff wrote to Defendant Dr. Kirch regarding the above circumstances and expressed his concern that he had been terminated for supporting another employee's effort to collect compensation for hours worked overtime without pay.

26.     Defendant Dr. Kirch acknowledged receipt of Plaintiff's correspondence referenced above, did not dispute any of his assertions or concerns but ratified them, and has not

responded further to Plaintiff.

## IV.  Claims

### Count 1
### Retaliation
### (District of Columbia Minimum Wage Act, § 32-1001 et seq.)

27.    Plaintiff incorporates by reference the allegations contained in the above paragraphs.

28.    Defendant AAMC is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

29.    Defendant Dr. Kirch is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

30.    Defendant Stewart is an "employer" within the meaning of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1002(3).

31.    Defendants terminated Plaintiff's employment because he advocated for and supported an employee's efforts to collect overtime wages due him under the District of Columbia's Minimum Wage Act but which the Defendants declined to provide.

32.    Plaintiff's conduct amounted to the assertion of his subordinate's statutory rights by taking action adverse to the Defendant AAMC.

33.    Defendants' conduct would likely deter a reasonable person from asserting his/her rights under the District of Columbia's Minimum Wage Act.

34.    Defendants' conduct was undertaken in response to Plaintiff's assertion of statutory rights.

35.    Defendants' conduct caused Plaintiff to lose wages and other financial incidents

5

of employment.

36.    Defendants' conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

37.    Defendants' conduct was outrageous, malicious, wanton, reckless, and/or in willful disregard for Plaintiff's rights under the law.

38.    Defendants' conduct caused Plaintiff to incur attorney's fees and litigation expenses.

39.    Defendants jointly and severally undertook the actions complained of herein.

40.    Defendants' conduct constitutes retaliation within the meaning of the District of Columbia Minimum Wage Act, D.C. Code § 32-1010.

## Count 2
## Retaliation
## (Fair Labor Standards Act, 29 U.S.C. § 215(a)(3))

41.    Plaintiff incorporates by reference the allegations contained in the above paragraphs.

42.    Defendant AAMC is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

43.    Defendant Dr. Kirch is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

44.    Defendant Stewart is an "employer" within the meaning of the federal Fair Labor Standards Act, 29 U.S.C. § 203(d).

45.    Defendants terminated Plaintiff's employment because he supported an employee's efforts to collect overtime wages due him under the federal Fair Labor Standards Act.

6

46.     Plaintiff's conduct amounted to the assertion of his subordinate's statutory rights by taking action adverse to Defendant AAMC.

47.     Defendants' conduct would likely deter a reasonable person from asserting his/her rights under the federal Fair Labor Standards Act.

48.     Defendants' conduct was undertaken in response to Plaintiff's assertion of the aforesaid rights.

49.     Defendants' conduct constitutes retaliation within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

## Count 3

### (Wrongful Discharge in Violation of Public Policy)

50.     Plaintiff incorporates by reference the allegations contained in the above paragraphs.

51.     It is the policy of the District of Columbia that employees who work in excess of 40 hours be paid for the time worked over 40 hours at a rate not less than 1.5 times the employee's regular rate of pay.  D.C. Code §32-1003 (c) (2006).  The foregoing policy is intended to facilitate the corresponding policy of the District of Colombia that persons employed in the District of Columbia should be paid at wages sufficient to provide adequate maintenance and to protect the employee's health and well being. D.C. Code §32-1001 (a) (2006).

52.     Defendants' conduct in terminating Plaintiff's employment because he advocated on behalf of and supported an employee in efforts to collect overtime wages due him under the District of Columbia Minimum Wage Act was undertaken in contravention of the public policy of the District of Columbia.

7

## III.  JURY DEMAND

53.    Plaintiff demands a trial by jury on all counts of this Complaint.


WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for

all compensatory, punitive and other damages available under the law, prejudgment and

postjudgment interest, reasonable attorney's fees and costs herein expended, and other relief as

the Court deems just and proper.


Respectfully submitted,

Michael J. Hoare [DC Bar # 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003
202-408-7901
202-408-7903 (fax)
Attorney for Plaintiff


The factual allegations set out above are true and correct.

Demetrius Hicks

8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DEMETRIUS HICKS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06 CA ____ |
| ) | |
| v. ) | Calendar ____ |
| ) | Judge _____ |
| ASSOCIATION OF AMERICAN MEDICAL ) | |
| COLLEGES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S FIRST REQUESTS FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff, by and through counsel, requests that Defendants produce and permit Plaintiff's

counsel to inspect and copy the documents identified in the request attached hereto within the

time allowed by D.C. Super. Ct. Civ. R. 34.  Should Defendants or their counsel have any

difficulties with the Definitions, the Instructions, or any request(s) to produce, please contact

Plaintiff's counsel for clarification and assistance.  The requests are continuing in nature so as to

require supplementation and/or amendments in accordance with applicable rules and law.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests

is intended to have the broadest meaning permitted under the Civil Rules.  As used in these

Requests, the following terms are to be interpreted in accordance with these definitions:

1.    _Concern/Concerning_:  The term "concern" or "concerning" means pertaining to,

referring to, describing, evidencing, or constituting.

2.    _Document_: The terms "document" and "documents" are defined to be

synonymous in meaning and equal in scope to the usage of the term "documents" in Civil Rule

34(a) and include(s) the term "writing". Electronic mail, video tape, and other electronically

recorded media are included within the definition of the term "document". The terms "writing",

"recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to

the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate

document within the meaning of the term "document."

3. _Person_: The term "person" is defined as any natural person or any business, legal

or governmental entity or association.

4. _Defendant_: The terms "Defendant" and "Defendants" include the named

Defendants in this action and their respective agents, representatives and attorneys.

5. The present tense includes the past and future tenses. The singular includes the

plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and"

and "or." Words in the masculine, feminine or neuter form shall include each of the other

genders.

## INSTRUCTIONS

1. In responding to these Requests for Production, if Defendants encounter any

ambiguities when construing a request or definition, the response shall set forth the matter

deemed ambiguous and the construction used in responding.

2. Whenever in these Requests Defendants are asked to identify or produce a

document which is deemed to be properly withheld from production for inspection or copying:

a. If Defendants are withholding the document under a claim of privilege (including,

2

but not limited to, the work product doctrine), please provide a statement describing the document, communication, or other thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties or the Court to assess the applicability of the privilege or protection.

     b.    If Defendants are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, in addition to the information requested in ¶ 2.a. above, please state the reason for withholding each such document.

     3.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

     4.    It is intended that these Requests will not solicit any material, protected either by the attorney/client privilege or by the work product doctrine, which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

     5.    If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, please describe in detail the burden or expense of the proposed discovery.

## REQUESTS FOR PRODUCTION

1.    Please produce those documents concerning Demetrius Hicks' personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records concerning his separation, whether such records are formally or informally kept.

2.    Please produce those documents concerning Eric James' personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records concerning his separation, whether such records are formally or informally kept.

3.    Please produce those documents concerning Demetrius Hicks' duties and responsibilities during his employment with Defendant Association of American Medical Colleges, including any formal position descriptions and statement of duties and responsibilities.

4.    Please produce those documents concerning the decision to convert employees in Defendant Association of American Medical Colleges's Office of Information Resources from exempt to non-exempt status under the relevant wage and hour laws.

5.    Please produce those documents concerning Eric James' submission (including any submission on his behalf) for payment of overtime wages in or around June/July 2006.

6.    Please produce those documents concerning Cynthia Myrick's submission

4

(including any submission on her behalf) for payment of overtime wages in or around June/July 2006.

      7.     Please produce those <u>documents</u> <u>concerning</u> Marcus Robinson's submission (including any submission on his behalf) for payment of overtime wages in or around June/July 2006.

      8.     Please produce those <u>documents</u> <u>concerning</u> any investigation or inquiry undertaken by any <u>Defendant</u> or on any <u>Defendant's</u> behalf <u>concerning</u> any submission by Eric James or on his behalf for payment of overtime wages, including any <u>documents</u> which support or refute the claim for such pay, and any <u>documents</u> which tend to prove or disprove the veracity of any portion of the referenced submission.

      9.     Please produce those <u>documents</u> <u>concerning</u> Eric James' time and attendance during the period commencing with the start of his employment through September 10, 2006.

      10.     Please produce those <u>documents</u> <u>concerning</u> <u>Defendant</u> Association of American Medical Colleges's net worth.

      11.     Please produce those <u>documents</u> identified in response to Plaintiff's Interrogatories Nos. 1, 2, 3, 4, 5 and 6.

      12.     Please produce all <u>documents</u> (including letters, memoranda, proposals for discipline/termination, and emails) generated or received by any of the following <u>person</u>(s) during the period May 12, 2006 through September 10, 2006, and <u>concerning</u>, in whole or in part, Plaintiff:

Barbara Freeman

Alyida Golson

5

Eric James

Keith Lynch

Jeanne Mella

Cynthia Mynick

Tim O'Conner

Marcus Robinson

Kerry M. Smith

Donna Whitlock-Stewart

Scott Trap

13.    Please produce those <u>documents</u> <u>concerning</u> any reason(s) known to <u>Defendant</u> Donna Whitlock Stewart as of July 27, 2006 to question Plaintiff's veracity.

14.    Please produce those <u>documents</u> <u>concerning</u> any reason(s) known to <u>Defendant</u> Donna Whitlock Stewart as of July 27, 2006 to question Eric James' veracity.

15.    Please produce those <u>documents</u> <u>concerning</u> employee handbooks, manuals and/or other <u>documents</u> applicable at any time during the period of Plaintiff's employment and applicable to employees such as Plaintiff regarding the terms and conditions of their employment with the Association of American Medical Colleges.

16.    Please produce those <u>documents</u> <u>concerning</u> the employment policies regarding employee conduct such as referenced in <u>Defendant</u> Stewart's correspondence to Plaintiff dated July 31, 2006.

17.    Please produce those <u>documents</u> <u>concerning</u> <u>Defendants</u> contacts with Plaintiff's past employers regarding Plaintiff.

6

18.     Please produce those <u>documents</u> <u>concerning</u> <u>Defendants</u> organization chart relative to July 2006.

19.     Please produce those <u>documents</u> <u>concerning</u> correspondence, investigation reports, memoranda, email and other documentation <u>concerning</u> any instance since January 1, 2000 when an employee was disciplined <u>concerning</u> false or misleading statements during the hiring process.

20.     Please produce those <u>documents</u> <u>concerning</u> any investigation or inquiry conducted by Dr. Kirch (or on his behalf) in response to Plaintiff's correspondence dated August 1, 2006.

Respectfully submitted,

_____

Michael J. Hoare [DC Bar #2069179]
Dennis Chong [DC Bar #471131]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W., Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (Fax)
Attorney for Plaintiff

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _27_ day of December 2006, I caused to be served, by hand, with a copy of the Complaint, the foregoing Plaintiff's Request for Production of Documents to Defendants upon:

> Darrell G. Kirch, M.D.
> Donna Whitlock Stewart
> Mark Wood
> AAMC
> 2450 N Street, NW
> Washington, DC 20037
>
> CT Corporation System
> 1015 15th Street, NW
> Suite 1000
> Washington, DC 20005

8

# ANNEX 1

# PART B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DEMETRIUS HICKS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06 CA ____ |
| | ) |
| v. | ) Calendar ____ |
| | ) Judge _____ |
| ASSOCIATION OF AMERICAN MEDICAL | ) |
| COLLEGES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiff, by and through counsel, requests that Defendants produce and permit Plaintiff's

counsel to inspect and copy the documents identified in the request attached hereto within the

time allowed by D.C. Super. Ct. Civ. R. 34. Should Defendants or their counsel have any

difficulties with the Definitions, the Instructions, or any request(s) to produce, please contact

Plaintiff's counsel for clarification and assistance. The requests are continuing in nature so as to

require supplementation and/or amendments in accordance with applicable rules and law.

**DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Requests

is intended to have the broadest meaning permitted under the Civil Rules. As used in these

Requests, the following terms are to be interpreted in accordance with these definitions:

1.    *Concern/Concerning*: The term "concern" or "concerning" means pertaining to,

referring to, describing, evidencing, or constituting.

2.    *Document*: The terms "document" and "documents" are defined to be

synonymous in meaning and equal in scope to the usage of the term "documents" in Civil Rule

34(a) and include(s) the term "writing". Electronic mail, video tape, and other electronically

recorded media are included within the definition of the term "document". The terms "writing",

"recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to

the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate

document within the meaning of the term "document."

3.     _Person_:  The term "person" is defined as any natural person or any business, legal

or governmental entity or association.

4.     _Defendant_:  The terms "Defendant" and "Defendants" include the named

Defendants in this action and their respective agents, representatives and attorneys.

5.     The present tense includes the past and future tenses. The singular includes the

plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and"

and "or." Words in the masculine, feminine or neuter form shall include each of the other

genders.

## INSTRUCTIONS

1.     In responding to these Requests for Production, if Defendants encounter any

ambiguities when construing a request or definition, the response shall set forth the matter

deemed ambiguous and the construction used in responding.

2.     Whenever in these Requests Defendants are asked to identify or produce a

document which is deemed to be properly withheld from production for inspection or copying:

a.     If Defendants are withholding the document under a claim of privilege (including,

2

but not limited to, the work product doctrine), please provide a statement describing the document, communication, or other thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties or the Court to assess the applicability of the privilege or protection.

      b.     If Defendants are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, in addition to the information requested in ¶ 2.a. above, please state the reason for withholding each such document.

      3.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

      4.     It is intended that these Requests will not solicit any material, protected either by the attorney/client privilege or by the work product doctrine, which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

      5.     If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, please describe in detail the burden or expense of the proposed discovery.

3

## REQUESTS FOR PRODUCTION

1.    Please produce those documents concerning Demetrius Hicks' personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records concerning his separation, whether such records are formally or informally kept.

2.    Please produce those documents concerning Eric James' personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records concerning his separation, whether such records are formally or informally kept.

3.    Please produce those documents concerning Demetrius Hicks' duties and responsibilities during his employment with Defendant Association of American Medical Colleges, including any formal position descriptions and statement of duties and responsibilities.

4.    Please produce those documents concerning the decision to convert employees in Defendant Association of American Medical Colleges's Office of Information Resources from exempt to non-exempt status under the relevant wage and hour laws.

5.    Please produce those documents concerning Eric James' submission (including any submission on his behalf) for payment of overtime wages in or around June/July 2006.

6.    Please produce those documents concerning Cynthia Myrick's submission

4

(including any submission on her behalf) for payment of overtime wages in or around June/July 2006.

7.    Please produce those <u>documents</u> <u>concerning</u> Marcus Robinson's submission (including any submission on his behalf) for payment of overtime wages in or around June/July 2006.

8.    Please produce those <u>documents</u> <u>concerning</u> any investigation or inquiry undertaken by any <u>Defendant</u> or on any <u>Defendant's</u> behalf <u>concerning</u> any submission by Eric James or on his behalf for payment of overtime wages, including any <u>documents</u> which support or refute the claim for such pay, and any <u>documents</u> which tend to prove or disprove the veracity of any portion of the referenced submission.

9.    Please produce those <u>documents</u> <u>concerning</u> Eric James' time and attendance during the period commencing with the start of his employment through September 10, 2006.

10.    Please produce those <u>documents</u> <u>concerning</u> <u>Defendant</u> Association of American Medical Colleges's net worth.

11.    Please produce those <u>documents</u> identified in response to Plaintiff's Interrogatories Nos. 1, 2, 3, 4, 5 and 6.

12.    Please produce all <u>documents</u> (including letters, memoranda, proposals for discipline/termination, and emails) generated or received by any of the following <u>person</u>(s) during the period May 12, 2006 through September 10, 2006, and <u>concerning</u>, in whole or in part, Plaintiff:

Barbara Freeman

Alyida Golson

5

Eric James

Keith Lynch

Jeanne Mella

Cynthia Mynick

Tim O'Conner

Marcus Robinson

Kerry M. Smith

Donna Whitlock-Stewart

Scott Trap

13.    Please produce those documents concerning any reason(s) known to Defendant Donna Whitlock Stewart as of July 27, 2006 to question Plaintiff's veracity.

14.    Please produce those documents concerning any reason(s) known to Defendant Donna Whitlock Stewart as of July 27, 2006 to question Eric James' veracity.

15.    Please produce those documents concerning employee handbooks, manuals and/or other documents applicable at any time during the period of Plaintiff's employment and applicable to employees such as Plaintiff regarding the terms and conditions of their employment with the Association of American Medical Colleges.

16.    Please produce those documents concerning the employment policies regarding employee conduct such as referenced in Defendant Stewart's correspondence to Plaintiff dated July 31, 2006.

17.    Please produce those documents concerning Defendants contacts with Plaintiff's past employers regarding Plaintiff.

6

18.    Please produce those <u>documents</u> <u>concerning</u> <u>Defendants</u> organization chart relative to July 2006.

19.    Please produce those <u>documents</u> <u>concerning</u> correspondence, investigation reports, memoranda, email and other documentation <u>concerning</u> any instance since January 1, 2000 when an employee was disciplined <u>concerning</u> false or misleading statements during the hiring process.

20.    Please produce those <u>documents</u> <u>concerning</u> any investigation or inquiry conducted by Dr. Kirch (or on his behalf) in response to Plaintiff's correspondence dated August 1, 2006.

Respectfully submitted,

Michael J. Hoare [DC Bar #2069179]
Dennis Chong [DC Bar #471131]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W., Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (Fax)
Attorney for Plaintiff

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _27_ day of December 2006, I caused to be served, by hand, with a copy of the Complaint, the foregoing Plaintiff's Request for Production of Documents to Defendants upon:

> Darrell G. Kirch, M.D.
> Donna Whitlock Stewart - 12/29/06
> Mark Wood - 12/29/06
> AAMC
> 2450 N Street, NW
> Washington, DC 20037
>
> CT Corporation System - 12/28/2006
> 1015 15th Street, NW
> Suite 1000
> Washington, DC 20005

8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DEMETRIUS HICKS, | ) |
| | ) |
|      Plaintiff, | )   Civil Action No. 06 CA ____ |
| | ) |
| v. | )   Calendar ____ |
| | )   Judge _____ |
| ASSOCIATION OF AMERICAN MEDICAL | ) |
| COLLEGES, et al., | ) |
| | ) |
|      Defendants. | ) |
| | ) |

**PLAINTIFF'S FIRST REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS TO DEFENDANTS</u>**

     Plaintiff, by and through counsel, requests that Defendants produce and permit Plaintiff's

counsel to inspect and copy the documents identified in the request attached hereto within the

time allowed by D.C. Super. Ct. Civ. R. 34. Should Defendants or their counsel have any

difficulties with the Definitions, the Instructions, or any request(s) to produce, please contact

Plaintiff's counsel for clarification and assistance. The requests are continuing in nature so as to

require supplementation and/or amendments in accordance with applicable rules and law.

<u>**DEFINITIONS**</u>

     Notwithstanding any definition below, each word, term, or phrase used in these Requests

is intended to have the broadest meaning permitted under the Civil Rules. As used in these

Requests, the following terms are to be interpreted in accordance with these definitions:

     1.    <u>*Concern/Concerning*</u>: The term "concern" or "concerning" means pertaining to,

referring to, describing, evidencing, or constituting.

     2.    <u>*Document*</u>: The terms "document" and "documents" are defined to be

synonymous in meaning and equal in scope to the usage of the term "documents" in Civil Rule 34(a) and include(s) the term "writing". Electronic mail, video tape, and other electronically recorded media are included within the definition of the term "document". The terms "writing", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

3. _Person_: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

4. _Defendant_: The terms "Defendant" and "Defendants" include the named Defendants in this action and their respective agents, representatives and attorneys.

5. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## INSTRUCTIONS

1. In responding to these Requests for Production, if Defendants encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in these Requests Defendants are asked to identify or produce a document which is deemed to be properly withheld from production for inspection or copying:

a. If Defendants are withholding the document under a claim of privilege (including,

2

but not limited to, the work product doctrine), please provide a statement describing the document, communication, or other thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties or the Court to assess the applicability of the privilege or protection.

      b.     If Defendants are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, in addition to the information requested in ¶ 2.a. above, please state the reason for withholding each such document.

      3.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

      4.     It is intended that these Requests will not solicit any material, protected either by the attorney/client privilege or by the work product doctrine, which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

      5.     If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, please describe in detail the burden or expense of the proposed discovery.

## REQUESTS FOR PRODUCTION

1.    Please produce those documents concerning Demetrius Hicks' personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records concerning his separation, whether such records are formally or informally kept.

2.    Please produce those documents concerning Eric James' personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records concerning his separation, whether such records are formally or informally kept.

3.    Please produce those documents concerning Demetrius Hicks' duties and responsibilities during his employment with Defendant Association of American Medical Colleges, including any formal position descriptions and statement of duties and responsibilities.

4.    Please produce those documents concerning the decision to convert employees in Defendant Association of American Medical Colleges's Office of Information Resources from exempt to non-exempt status under the relevant wage and hour laws.

5.    Please produce those documents concerning Eric James' submission (including any submission on his behalf) for payment of overtime wages in or around June/July 2006.

6.    Please produce those documents concerning Cynthia Myrick's submission

4

(including any submission on her behalf) for payment of overtime wages in or around June/July 2006.

7.    Please produce those <u>documents</u> <u>concerning</u> Marcus Robinson's submission (including any submission on his behalf) for payment of overtime wages in or around June/July 2006.

8.    Please produce those <u>documents</u> <u>concerning</u> any investigation or inquiry undertaken by any <u>Defendant</u> or on any <u>Defendant's</u> behalf <u>concerning</u> any submission by Eric James or on his behalf for payment of overtime wages, including any <u>documents</u> which support or refute the claim for such pay, and any <u>documents</u> which tend to prove or disprove the veracity of any portion of the referenced submission.

9.    Please produce those <u>documents</u> <u>concerning</u> Eric James' time and attendance during the period commencing with the start of his employment through September 10, 2006.

10.    Please produce those <u>documents</u> <u>concerning</u> <u>Defendant</u> Association of American Medical Colleges's net worth.

11.    Please produce those <u>documents</u> identified in response to Plaintiff's Interrogatories Nos. 1, 2, 3, 4, 5 and 6.

12.    Please produce all <u>documents</u> (including letters, memoranda, proposals for discipline/termination, and emails) generated or received by any of the following <u>person</u>(s) during the period May 12, 2006 through September 10, 2006, and <u>concerning</u>, in whole or in part, Plaintiff:

Barbara Freeman

Alyida Golson

5

Eric James

Keith Lynch

Jeanne Mella

Cynthia Mynick

Tim O'Conner

Marcus Robinson

Kerry M. Smith

Donna Whitlock-Stewart

Scott Trap

13.    Please produce those <u>documents</u> <u>concerning</u> any reason(s) known to <u>Defendant</u> Donna Whitlock Stewart as of July 27, 2006 to question Plaintiff's veracity.

14.    Please produce those <u>documents</u> <u>concerning</u> any reason(s) known to <u>Defendant</u> Donna Whitlock Stewart as of July 27, 2006 to question Eric James' veracity.

15.    Please produce those <u>documents</u> <u>concerning</u> employee handbooks, manuals and/or other <u>documents</u> applicable at any time during the period of Plaintiff's employment and applicable to employees such as Plaintiff regarding the terms and conditions of their employment with the Association of American Medical Colleges.

16.    Please produce those <u>documents</u> <u>concerning</u> the employment policies regarding employee conduct such as referenced in <u>Defendant</u> Stewart's correspondence to Plaintiff dated July 31, 2006.

17.    Please produce those <u>documents</u> <u>concerning</u> <u>Defendants</u> contacts with Plaintiff's past employers regarding Plaintiff.

6

18.     Please produce those <u>documents</u> <u>concerning</u> <u>Defendants</u> organization chart relative to July 2006.

19.     Please produce those <u>documents</u> <u>concerning</u> correspondence, investigation reports, memoranda, email and other documentation <u>concerning</u> any instance since January 1, 2000 when an employee was disciplined <u>concerning</u> false or misleading statements during the hiring process.

20.     Please produce those <u>documents</u> <u>concerning</u> any investigation or inquiry conducted by Dr. Kirch (or on his behalf) in response to Plaintiff's correspondence dated August 1, 2006.

Respectfully submitted,

Michael J. Hoare [DC Bar #2069179]
Dennis Chong [DC Bar #471131]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W., Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (Fax)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ___27___ day of December 2006, I caused to be served, by hand, with a copy of the Complaint, the foregoing Plaintiff's Request for Production of Documents to Defendants upon:

Darrell G. Kirch, M.D.
Donna Whitlock Stewart  — 12/29/06
Mark Wood — 12/29/06
AAMC
2450 N Street, NW
Washington, DC 20037

CT Corporation System — 12/28/2006
1015 15th Street, NW
Suite 1000
Washington, DC 20005

_____

8



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DEMETRIUS HICKS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06 CA ____ |
| ) | |
| v. ) | Calendar ____ |
| ) | Judge _____ |
| ASSOCIATION OF AMERICAN MEDICAL ) | |
| COLLEGES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Pursuant to Civ. R. 33, Plaintiff, by his undersigned attorneys, propounds these

Interrogatories, to which Defendants shall respond separately and fully, in writing and under

oath, within the time prescribed by the Civil Rules of this Court, in accordance with those Rules

and the Instructions and Definitions set forth hereinafter.

### DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these

Interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

1.    *Concerning*: The term "concerning" means pertaining to, referring to, describing,

evidencing, or constituting.

2.    *Defendant/Defendants*: The terms "Defendant" and "Defendants" are each

singular and plural and include the Defendant(s), the person(s) to whom these requests are

addressed, and all of Defendant(s)' agents, representatives and attorneys. "Defendant AAMC"

1

means <u>Defendant</u> American Association of Medical Colleges.

3.    <u>*Document*</u>: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Civ. R. 34(a) and include(s) the term "writing". Electronic mail and electronic data are included within the definition of the term "document". The terms "writing", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4.    <u>*Identify* (with respect to <u>persons</u>)</u>: When referring to a <u>person</u>, to "identify" means to state the <u>person</u>'s full name, present or last known address, and, when referring to a natural <u>person</u>, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, said telephone numbers shall be provided. Once a <u>person</u> has been identified in accordance with this subparagraph, only the name of the <u>person</u> need be listed in response to subsequent discovery requesting the identification of that <u>person</u>.

5.    <u>*Identify* (with respect to <u>documents</u>)</u>: When referring to <u>documents</u>, to "identify" means to state the: (i) type of <u>document</u>, (ii) general subject matter; (iii) date of the <u>document</u>; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the <u>document</u>.

6.    <u>*Person*</u>:  The term "person" is defined as any natural <u>person</u> or any business, legal or governmental entity or association.

7.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## INSTRUCTIONS

1.    These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding parties as well as their agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

2.    These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.    No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.    In accordance with Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    a.    In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

3

b.      The following information should be provided in the objection, if known or reasonably available,

   i.      For oral communications:

      (1)      the name of the <u>person</u> making the communication and the names of those <u>persons</u>   present while the communication was made, and, where not apparent, the relationship of the <u>persons</u> present to the <u>person</u> making the communication;

      (2)      the date and place of the communication; and

      (3)      the general subject matter of the communication.

   ii.      For <u>documents</u>:

      (1)      the type of <u>document</u>,

      (2)      the general subject matter of the <u>document</u>,

      (3)      the date of the <u>documents</u>, and

      (4)      such other information as is sufficient to <u>identify</u> the <u>document</u>, including, where appropriate, the author, addressee, custodian, and any other recipient of the <u>document</u>, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.      If <u>Defendants</u> elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and <u>identify</u>, as readily as the responding parties can, the business records from which the answer may be ascertained.

6.      If, in answering these interrogatories, Defendants encounter any ambiguities when construing a question, instruction, or definition, the answer shall set forth the matter deemed ambiguous and the construction used in answering.

## INTERROGATORIES

**Interrogatory No. 1.** Provide the following information separately for each person who participated in, contributed to, approved, or was consulted with respect to the decision to terminate Plaintiff's employment.

(a)      Identify the person;

(b)      State his/her job title as of July 31, 2006;

(c)      Describe the person's participation;

(d)      State the date(s) of the person's participation;

(e)      State whether the person reviewed or consulted any document(s) concerning his/her participation; and if affirmative, identify each such document;

(f)      State whether the person generated or caused to be generated any document(s) (whether by dictation, directive or otherwise) concerning the person's participation; and, if affirmative, identify each such document; and,

(g)      State whether s/he is still in Defendant AAMC's employ (or is otherwise associated with Defendant) and, if not, state the date of any separation and the reason(s) known to any Defendant for the person's separation.

**Interrogatory No. 2.** State whether any Defendant(s) contends that Plaintiff engaged in

any wrongdoing in connection with his application for employment and/or during the course of his employment; and, if affirmative:

    (a)    state the facts upon which any <u>Defendant</u> relies to support this contention(s);

    (b)    <u>identify</u> those <u>persons</u> <u>Defendants</u> know or believe may have knowledge of facts relevant to this contention(s); and

    (c)    state whether there exists any <u>document(s)</u> that support this contention(s); and, if affirmative, <u>identify</u> each such <u>document</u> and state the substance of each <u>document</u>.

**Interrogatory No. 3.**  Provide the following information for each complaint and/or deficiency <u>concerning</u> Plaintiff and/or his performance which was known to any <u>Defendant</u> prior to July 31, 2006:

    (a)    <u>identify</u> any <u>person</u>(s) known to any <u>Defendant</u> who complained about Plaintiff and/or his performance;

    (b)    state the date of each complaint;

    (c)    describe the complaint and/or deficiency; and

    (d)    <u>identify</u> any <u>documents</u> generated in connection with any complaint(s) and/or any deficiency.

**Interrogatory No. 4.**  Provide the following information for each complaint and/or deficiency <u>concerning</u> Eric James and/or his performance which was known to <u>Defendant</u> prior to July 31, 2006:

    (a)    <u>identify</u> any <u>person</u>(s) known to any <u>Defendant</u> who complained about

Eric James and/or his performance;

 (b) state the date of each complaint;

 (c) describe the complaint and/or deficiency; and

 (d) identify any documents generated in connection with any complaint(s) and/or any deficiency.

**Interrogatory No. 5.** For each statement, written or verbal, known to any Defendant regarding this action or its subject matter, made by Plaintiff:

 (a) state the substance of the statement, including the date and time of the statement;

 (b) identify the person(s) to whom the statement was made;

 (c) identify any documents concerning the statement.

**Interrogatory No. 6.** State whether there exists any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; if one exists:

 (a) identify the person carrying on an insurance business;

 (b) the limits of the insurance agreement;

 (c) what deductible, if any, or self-insured retainer, if any, applies to the agreement; and

 (d) identify any documents reflecting such an agreement.

Respectfully submitted,

_____

Michael J. Hoare, Esq. [D.C. Bar No. 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W.
Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (fax)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ____ day of December 2006, I caused to be served, by hand, with a copy of the Complaint, the foregoing Plaintiff's First Interrogatories to Defendants upon:

Darrell G. Kirch, M.D.
Donna Whitlock Stewart — 12/29/2006
Mark Wood — 12/29/2006
AAMC
2450 N Street, NW
Washington, DC 20037

CT Corporation System — 12/28/2006
1015 15th Street, NW
Suite 1000
Washington, DC 20005

_____

8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| DEMETRIUS HICKS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06 CA ____ |
| | ) |
| v. | ) Calendar ____ |
| | ) Judge _____ |
| ASSOCIATION OF AMERICAN MEDICAL | ) |
| COLLEGES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Pursuant to Civ. R. 33, Plaintiff, by his undersigned attorneys, propounds these

Interrogatories, to which Defendants shall respond separately and fully, in writing and under

oath, within the time prescribed by the Civil Rules of this Court, in accordance with those Rules

and the Instructions and Definitions set forth hereinafter.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these

Interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

1.    *Concerning*: The term "concerning" means pertaining to, referring to, describing,

evidencing, or constituting.

2.    *Defendant/Defendants*: The terms "Defendant" and "Defendants" are each

singular and plural and include the Defendant(s), the person(s) to whom these requests are

addressed, and all of Defendant(s)' agents, representatives and attorneys. "Defendant AAMC"

1

means <u>Defendant</u> American Association of Medical Colleges.

3.    *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Civ. R. 34(a) and include(s) the term "writing". Electronic mail and electronic data are included within the definition of the term "document". The terms "writing", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4.    *Identify (with respect to <u>persons</u>)*: When referring to a <u>person</u>, to "identify" means to state the <u>person</u>'s full name, present or last known address, and, when referring to a natural <u>person</u>, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, said telephone numbers shall be provided. Once a <u>person</u> has been identified in accordance with this subparagraph, only the name of the <u>person</u> need be listed in response to subsequent discovery requesting the identification of that <u>person</u>.

5.    *Identify (with respect to <u>documents</u>)*: When referring to <u>documents</u>, to "identify" means to state the: (i) type of <u>document</u>, (ii) general subject matter; (iii) date of the <u>document</u>; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the <u>document</u>.

6.    *Person*: The term "person" is defined as any natural <u>person</u> or any business, legal or governmental entity or association.

7.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## INSTRUCTIONS

1.    These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding parties as well as their agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

2.    These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.    No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.    In accordance with Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

a.    In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

3

b.    The following information should be provided in the objection, if known or reasonably available,

    i.    For oral communications:

        (1)    the name of the <u>person</u> making the communication and the names of those <u>persons</u>  present while the communication was made, and, where not apparent, the relationship of the <u>persons</u> present to the <u>person</u> making the communication;

        (2)    the date and place of the communication; and

        (3)    the general subject matter of the communication.

    ii.    For <u>documents</u>:

        (1)    the type of <u>document,</u>

        (2)    the general subject matter of the <u>document,</u>

        (3)    the date of the <u>documents</u>, and

        (4)    such other information as is sufficient to <u>identify</u> the <u>document,</u> including, where appropriate, the author, addressee, custodian, and any other recipient of the <u>document</u>, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    If <u>Defendants</u> elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and <u>identify</u>, as readily as the responding parties can, the business records from which the answer may be ascertained.

4

6.      If, in answering these interrogatories, <u>Defendants</u> encounter any ambiguities when construing a question, instruction, or definition, the answer shall set forth the matter deemed ambiguous and the construction used in answering.

<b><u>INTERROGATORIES</u></b>

**<u>Interrogatory No. 1.</u>** Provide the following information separately for each <u>person</u> who participated in, contributed to, approved, or was consulted with respect to the decision to terminate Plaintiff's employment.

(a)     <u>Identify</u> the <u>person</u>;

(b)     State his/her job title as of July 31, 2006;

(c)     Describe the <u>person's</u> participation;

(d)     State the date(s) of the <u>person's</u> participation;

(e)     State whether the <u>person</u> reviewed or consulted any <u>document</u>(s) concerning his/her participation; and if affirmative, <u>identify</u> each such document;

(f)     State whether the <u>person</u> generated or caused to be generated any document(s) (whether by dictation, directive or otherwise) concerning the person's participation; and, if affirmative, <u>identify</u> each such <u>document</u>; and,

(g)     State whether s/he is still in <u>Defendant</u> AAMC's employ (or is otherwise associated with <u>Defendant</u>) and, if not, state the date of any separation and the reason(s) known to any <u>Defendant</u> for the <u>person's</u> separation.

**<u>Interrogatory No. 2.</u>** State whether any <u>Defendant(s)</u> contends that Plaintiff engaged in

5

any wrongdoing in connection with his application for employment and/or during the course of his employment; and, if affirmative:

    (a)    state the facts upon which any Defendant relies to support this contention(s);

    (b)    identify those persons Defendants know or believe may have knowledge of facts relevant to this contention(s); and

    (c)    state whether there exists any document(s) that support this contention(s); and, if affirmative, identify each such document and state the substance of each document.

**Interrogatory No. 3.** Provide the following information for each complaint and/or deficiency concerning Plaintiff and/or his performance which was known to any Defendant prior to July 31, 2006:

    (a)    identify any person(s) known to any Defendant who complained about Plaintiff and/or his performance;

    (b)    state the date of each complaint;

    (c)    describe the complaint and/or deficiency; and

    (d)    identify any documents generated in connection with any complaint(s) and/or any deficiency.

**Interrogatory No. 4.** Provide the following information for each complaint and/or deficiency concerning Eric James and/or his performance which was known to Defendant prior to July 31, 2006:

    (a)    identify any person(s) known to any Defendant who complained about

6

Eric James and/or his performance;

    (b)    state the date of each complaint;

    (c)    describe the complaint and/or deficiency; and

    (d)    identify any documents generated in connection with any complaint(s) and/or any deficiency.

**Interrogatory No. 5.** For each statement, written or verbal, known to any Defendant regarding this action or its subject matter, made by Plaintiff:

    (a)    state the substance of the statement, including the date and time of the statement;

    (b)    identify the person(s) to whom the statement was made;

    (c)    identify any documents concerning the statement.

**Interrogatory No. 6.** State whether there exists any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; if one exists:

    (a)    identify the person carrying on an insurance business;

    (b)    the limits of the insurance agreement;

    (c)    what deductible, if any, or self-insured retainer, if any, applies to the agreement; and

    (d)    identify any documents reflecting such an agreement.

Respectfully submitted,

Michael J. Hoare, Esq. [D.C. Bar No. 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W.
Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (fax)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _27_ day of December 2006, I caused to be served, by hand, with a copy of the Complaint, the foregoing Plaintiff's First Interrogatories to Defendants upon:

Darrell G. Kirch, M.D.
Donna Whitlock Stewart - 12/29/2006
Mark Wood - 12/29/2006
AAMC
2450 N Street, NW
Washington, DC 20037

CT Corporation System - 12/28/2006
1015 15th Street, NW
Suite 1000
Washington, DC 20005

8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DEMETRIUS HICKS,  ) | |
| ) | |
| Plaintiff,  ) | Civil Action No. 06 CA ____ |
| ) | |
| v.  ) | Calendar ____ |
| ) | Judge _____ |
| ASSOCIATION OF AMERICAN MEDICAL  ) | |
| COLLEGES, et al.,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Pursuant to Civ. R. 33, Plaintiff, by his undersigned attorneys, propounds these

Interrogatories, to which Defendants shall respond separately and fully, in writing and under

oath, within the time prescribed by the Civil Rules of this Court, in accordance with those Rules

and the Instructions and Definitions set forth hereinafter.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these

Interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

1.    *Concerning*: The term "concerning" means pertaining to, referring to, describing,

evidencing, or constituting.

2.    *Defendant/Defendants*: The terms "Defendant" and "Defendants" are each

singular and plural and include the Defendant(s), the person(s) to whom these requests are

addressed, and all of Defendant(s)' agents, representatives and attorneys.  "Defendant AAMC"

1

means <u>Defendant</u> American Association of Medical Colleges.

3.    *Document*: The terms "document" and "documents" are defined to be

synonymous in meaning and equal in scope to the usage of the term "documents" in Civ. R. 34(a)

and include(s) the term "writing". Electronic mail and electronic data are included within the

definition of the term "document". The terms "writing", "recordings", and "photographs" are

defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R.

Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term

"document".

4.    *Identify (with respect to <u>persons</u>)*: When referring to a <u>person</u>, to "identify" means

to state the <u>person</u>'s full name, present or last known address, and, when referring to a natural

<u>person</u>, additionally, the present or last known place of employment. If the business and home

telephone numbers are known to the answering party, said telephone numbers shall be provided.

Once a <u>person</u> has been identified in accordance with this subparagraph, only the name of the

<u>person</u> need be listed in response to subsequent discovery requesting the identification of that

<u>person</u>.

5.    *Identify (with respect to <u>documents</u>)*: When referring to <u>documents</u>, to "identify"

means to state the: (i) type of <u>document</u>, (ii) general subject matter; (iii) date of the <u>document</u>;

and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the <u>document</u>.

6.    *Person*: The term "person" is defined as any natural <u>person</u> or any business, legal

or governmental entity or association.

7.    The present tense includes the past and future tenses. The singular includes the

plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## INSTRUCTIONS

1.      These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding parties as well as their agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

2.      These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.      No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.      In accordance with Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    a.      In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

3

b.    The following information should be provided in the objection, if known or

reasonably available,

    i.    For oral communications:

        (1)    the name of the <u>person</u> making the communication and the names

of those <u>persons</u>   present while the communication was made, and,

where not apparent, the relationship of the <u>persons</u> present to the

<u>person</u> making the communication;

        (2)    the date and place of the communication; and

        (3)    the general subject matter of the communication.

    ii.    For <u>documents</u>:

        (1)    the type of <u>document,</u>

        (2)    the general subject matter of the <u>document,</u>

        (3)    the date of the <u>documents,</u> and

        (4)    such other information as is sufficient to <u>identify</u> the <u>document,</u>

including, where appropriate, the author, addressee, custodian, and

any other recipient of the <u>document,</u> and where not apparent, the

relationship of the author, addressee, custodian, and any other

recipient to each other.

5.    If <u>Defendants</u> elect to specify and produce business records in answer to any

interrogatory, the specification shall be in sufficient detail to permit the interrogating party to

locate and <u>identify</u>, as readily as the responding parties can, the business records from which the

answer may be ascertained.

4

6.     If, in answering these interrogatories, <u>Defendants</u> encounter any ambiguities when construing a question, instruction, or definition, the answer shall set forth the matter deemed ambiguous and the construction used in answering.

## INTERROGATORIES

<u>Interrogatory No. 1.</u> Provide the following information separately for each <u>person</u> who participated in, contributed to, approved, or was consulted with respect to the decision to terminate Plaintiff's employment.

(a)     <u>Identify</u> the <u>person</u>;

(b)     State his/her job title as of July 31, 2006;

(c)     Describe the <u>person's</u> participation;

(d)     State the date(s) of the <u>person's</u> participation;

(e)     State whether the <u>person</u> reviewed or consulted any <u>document</u>(s) concerning his/her participation; and if affirmative, <u>identify</u> each such <u>document</u>;

(f)     State whether the <u>person</u> generated or caused to be generated any <u>document</u>(s) (whether by dictation, directive or otherwise) <u>concerning</u> the <u>person's</u> participation; and, if affirmative, <u>identify</u> each such <u>document</u>; and,

(g)     State whether s/he is still in <u>Defendant</u> AAMC's employ (or is otherwise associated with <u>Defendant</u>) and, if not, state the date of any separation and the reason(s) known to any <u>Defendant</u> for the <u>person's</u> separation.

<u>Interrogatory No. 2.</u> State whether any <u>Defendant(s)</u> contends that Plaintiff engaged in

5

any wrongdoing in connection with his application for employment and/or during the course of his employment; and, if affirmative:

> (a) state the facts upon which any Defendant relies to support this contention(s);

> (b) identify those persons Defendants know or believe may have knowledge of facts relevant to this contention(s); and

> (c) state whether there exists any document(s) that support this contention(s); and, if affirmative, identify each such document and state the substance of each document.

**Interrogatory No. 3.** Provide the following information for each complaint and/or deficiency concerning Plaintiff and/or his performance which was known to any Defendant prior to July 31, 2006:

> (a) identify any person(s) known to any Defendant who complained about Plaintiff and/or his performance;

> (b) state the date of each complaint;

> (c) describe the complaint and/or deficiency; and

> (d) identify any documents generated in connection with any complaint(s) and/or any deficiency.

**Interrogatory No. 4.** Provide the following information for each complaint and/or deficiency concerning Eric James and/or his performance which was known to Defendant prior to July 31, 2006:

> (a) identify any person(s) known to any Defendant who complained about

6

Eric James and/or his performance;

(b)    state the date of each complaint;

(c)    describe the complaint and/or deficiency; and

(d)    identify any documents generated in connection with any complaint(s) and/or any deficiency.

**Interrogatory No. 5.**  For each statement, written or verbal, known to any Defendant regarding this action or its subject matter, made by Plaintiff:

(a)    state the substance of the statement, including the date and time of the statement;

(b)    identify the person(s) to whom the statement was made;

(c)    identify any documents concerning the statement.

**Interrogatory No. 6.**  State whether there exists any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; if one exists:

(a)    identify the person carrying on an insurance business;

(b)    the limits of the insurance agreement;

(c)    what deductible, if any, or self-insured retainer, if any, applies to the agreement; and

(d)    identify any documents reflecting such an agreement.

7

Respectfully submitted,

*[signature]*

Michael J. Hoare, Esq. [D.C. Bar No. 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W.
Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (fax)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _27_ day of December 2006, I caused to be served, by hand, with a copy of the Complaint, the foregoing Plaintiff's First Interrogatories to Defendants upon:

Darrell G. Kirch, M.D.– 1/3/2007
Donna Whitlock Stewart – 12/29/2006
Mark Wood – 12/29/2006
AAMC
2450 N Street, NW
Washington, DC 20037

CT Corporation System – 12/28/2006
1015 15th Street, NW
Suite 1000
Washington, DC 20005

*[signature]*

8

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Demetrius Hicks<br>14 Wooten Court<br>Dover, DE 19904 | Association of American Medical Colleges<br>Darrell G. Kirch, M.D.<br>Donna Whitlock Stewart<br>2450 N Street, NW<br>Washington, DC 20037 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Michael H. Hoare, Esq.<br>Dennis Chong, Esq.<br>MICHAEL J. HOARE, P.C.<br>1101 14th Street, N.W., Suite 710<br>Washington, D.C. 20005<br>(202) 408-7901 | Michael L. Stevens, Esq.<br>Arent Fox LLP<br>1050 Conneticut Ave., N.W.<br>Washington, D.C. 20036-5339<br>(202) 857-6000 |

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ **A.** *Antitrust*
  - ☐ 410 Antitrust

- ○ **B.** *Personal Injury/ Malpractice*
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C.** *Administrative Agency Review*
  - ☐ 151 Medicare Act

  Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)

  Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D.** *Temporary Restraining Order/Preliminary Injunction*

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

- ○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ⊙ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original
Proceeding    ⊙ 2 Removed
from State
Court    ○ 3 Remanded from
Appellate Court    ○ 4 Reinstated
or Reopened    ○ 5 Transferred from
another district
(specify)    ○ 6 Multi district
Litigation    ○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Pursuant to 28 U.S.C. Section 1441, et seq., the Defendants are removing this action because it involves a federal claim (FLSA claim).

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ [unspecified] | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND: | YES ☒  NO ☐ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 1/18/2007    SIGNATURE OF ATTORNEY OF RECORD    *Michael J Stevens /s/h*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.