UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEMETRIUS HICKS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**ASSOCIATION OF AMERICAN** )<br>**MEDICAL COLLEGES, ,** *et al.***,** )<br>)<br>Defendants. )<br>) | Case No. 07-0123(ESH) |

## DEFENDANTS' MOTION TO DISMISS

Defendants Association of American Medical Colleges ("AAMC"), Darrell G. Kirch, M.D. ("Kirch"), and Donna Whitlock Stewart ("Stewart") (collectively "Defendants"), by and through counsel, hereby move pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss the Complaint in the above-captioned case on the grounds that it fails to state any claims upon which relief can be granted.

In support of this Motion, Defendants are submitting the attached Memorandum of Points and Authorities.

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed

in its entirety with prejudice, and that the Court award Defendants their reasonable attorneys' fees and costs and such further relief as the Court may deem proper.

Respectfully submitted,

_____/S/_____
Michael L. Stevens, Esq., D.C. Bar No. 384887
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000

Dated: January 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DEMETRIUS HICKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-0123(ESH) |
| | ) | |
| **ASSOCIATION OF AMERICAN MEDICAL COLLEGES,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Association of American Medical Colleges ("AAMC"), Darrell G. Kirch, M.D. ("Kirch") and Donna Whitlock Stewart ("Stewart") (collectively "Defendants"), by and through counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Civil Rule 7, respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's Complaint.

As discussed in detail below, the Complaint should be dismissed because the Plaintiff has failed to state any claims upon which relief can be granted.

I.  **Procedural Background**

On December 27, 2006, Plaintiff filed suit against Defendants in the Superior Court of the District of Columbia, Civil Division, Civ. No. 06-009145B. The Complaint alleges claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), the District of Columbia Minimum Wage Act, D.C. Code §§ 32-1000 et seq. (the "DCMWA"), and the common law tort of wrongful discharge. On January 18, 2007, pursuant to 28 U.S.C. §§ 1441, et seq., Defendants removed the action to this Court.

II.  **Facts**[1]

According to the allegations in the Verified Complaint (the "Complaint") in this action, Plaintiff was employed by AAMC from approximately May 2005 through July 2006. *Complaint* at ¶ 6. In June 2006, AAMC revised its compensation policy by converting certain exempt salaried employees who worked at its IT Support Desk to hourly paid non-exempt status. AAMC also decided to retroactively compensate these employees for overtime hours worked. *Id.* at ¶¶ 9, 10 and 12.

AAMC's Human Resources Department requested that each employee submit supporting documentation to receive the overtime compensation. *Id.* at ¶ 14. In response, Plaintiff forwarded information about projects and weekend work performed by Eric James, his subordinate to Defendant Stewart, AAMC's Human Resources Director. *Id.* at ¶ 15. Upon review, Stewart informed Plaintiff that this documentation was unreliable, thereafter prompting an investigation. *Id.* at ¶16. Ultimately, however, AAMC paid James for additional hours worked. *Id.* at ¶ 19.

---

[1] Defendants must accept Plaintiff's allegations as true solely for purposes of this Motion. *See Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Defendants do not waive their right to otherwise dispute any of the allegations in the Complaint.

Sometime after AAMC initiated the compensation policy review described above, Stewart discovered that Plaintiff provided false information on his employment application--in violation of AAMC's policy. Accordingly, Plaintiff's employment was terminated on or about July 27, 2006. *Id.* at ¶¶ 21 and 22.

On August 1, 2006, Plaintiff wrote to Defendant Kirch, AAMC's President, expressing his belief that he was terminated for supporting another employee's efforts to collect overtime pay. *Id.* at ¶ 25. While Kirch allegedly acknowledged receipt of Plaintiff's letter, Plaintiff claims that he did not affirmatively address or dispute Plaintiff's contentions. *Id.* at ¶ 26. Plaintiff thereafter initiated this suit against all Defendants for retaliatory discharge under the FLSA and the DCMWA and the common law tort of wrongful discharge.

### III.    Argument

#### A.    The Standard of Review

A complaint should be dismissed for failure to state a claim under Rule 12(b)(6) if it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Warren v. District of Columbia,* 353 F.3d 36, 37 (D.C.Cir. 2004). The court must treat the complaint's factual allegations as true. *See Macharia*, 334 F.3d at 64, 67. However, the court need not accept as true inferences unsupported by the facts set out in the complaint or legal conclusions cast as factual allegations. *See Warren,* 353 F.3d at 39.

B. **Plaintiff Fails to State a Claim for Retaliation Under the FLSA or the DCMWA.**

The FLSA establishes overtime pay requirements for covered non-exempt employees. *See* 29 U.S.C. § 207. The DCMWA, modeled after the FLSA, similarly mandates the payment of overtime compensation for such employees who work in the District of Columbia. *See* D.C. Code § 32-1003(c).

In pertinent part, the FLSA provides that "it is unlawful to discharge or in any manner discriminate against any employee because such employee has <u>filed any compliant or instituted any proceeding</u> […], testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." *See* 29 U.S.C. § 215(a)(3) (emphasis added). The DCMWA contains virtually identical language. *See* D.C. Code § 32-1010(3) (prohibiting employer from discharging or in any manner discriminating against any employee that has filed a "complaint or instituted or caused to be instituted any proceeding […], or has testified or is about to testify in any proceeding."). Courts consider FLSA and DCMWA claims similarly. *See Moncrief v. Daro Realty, Inc.*, No. Civ. A. 03-762(GK), 2005 WL 1119794, at *7 (D.D.C. Apr. 28, 2005) (applying same standard for FLSA and DCMWA claims); *Calles v. BPA Eastern US, Inc.*, Civ. A. No. 91-2298-LFO, 1991 WL 274268, at *1 (D.D.C. Dec. 6, 1991) (noting that there is legislative history evidence that the DCMWA is to be construed consistently with the FLSA).

To establish a prima facie case of retaliation, Plaintiff must allege that (i) he engaged in statutorily protected activity, (ii) the Defendants thereafter subjected him to adverse employment action and (iii) the action was reprisal for having engaged in protected activity. *See Caryk v. Coupe*, 663 F.Supp. 1243, 1253 (D.D.C. 1987). Both statutes expressly limit protection for filing

4

a complaint in the context of formal legal actions. The filing of an internal complaint, therefore, does not constitute protected activity. *See Chevron U.S.A. Inc., v. Natural Res. Def. Council*, 467 U.S. 837, 847 (1984) ("When a statute is unambiguous on its face, however, courts ought to apply the clearly expressed intent of the statute's language"). The D.C. Circuit has not explicitly addressed this issue. However, the existing precedent in this judicial district makes clear that internal complaints are not protected activity. *See Mansfield v. Billington*, 432 F.Supp. 2d 64, 75 (D.D.C. 2006) (in interpreting retaliation provision of Equal Pay Act, which incorporates the FLSA's retaliation provision, court held that informal complaints were not protected activity); *Rodriguez v. Puerto Rico Federal Affairs Administration*, 338 F.Supp. 2d 125, 130 (D.D.C. 2004), *rev'd on other grounds*, 435 F.3d 378 (D.C. Cir. 2006), *cert. denied*, 127 S.Ct. 347 (2006)(suggesting that the FLSA's explicit language does not protect internal complaint filings) (citing *Ball v. Memphis Bar-B-Q Co., Inc.,* 228 F.3d 360, 363-65 (4th Cir. 2000) (holding that the FLSA's language did not protect a plaintiff who told his employer that he might testify if a co-worker brought an employment discrimination lawsuit because the Act protects the act of giving testimony, not merely voicing opposition to an employer); *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993) (comparing FLSA's restrictive language to Title VII's inclusive language and concluding that voicing complaints to supervisors is not protected activity under the FLSA).

Plaintiff's retaliation claims must be dismissed because he clearly has not alleged, nor could he assert in good faith, that he was engaged in protected activity. Indeed, Plaintiff merely alleges that, in response to a request from AAMC, he provided Stewart with certain documentation in support of hours worked by a subordinate employee--not that he raised any concerns, objections or protests regarding AAMC's compliance with the FLSA or the DCMWA. Such activity does not even arise to the level of an unprotected internal complaint.

Moreover, Plaintiff admittedly did not take any action adverse to the Defendants. See *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 102 (1st Cir. 2004) ("It is the assertion of statutory rights by taking some action adverse to the company that is the hallmark of protected activity under 215(a)(3)"). The Defendants, not Plaintiff, initiated the inquiry regarding potential overtime payments due its employees. Plaintiff merely responded to this inquiry. While the Complaint lacks allegations regarding Plaintiff's job description, it is clear that he "never crossed the line from being an employee merely performing his job duties to an employee lodging a complaint or asserting a right". *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1487(10th Cir. 1996) (holding that to engage in protected activity, the employee must step outside his or her role of representing the company). Accordingly, the Plaintiff has failed to allege facts sufficient to support a retaliatory discharge claim under the FLSA or the DCMWA.

    C.    **The Individual Defendants Cannot be Held Liable Under the FLSA or the DCMWA.**

Even assuming that Plaintiff has sufficiently alleged retaliation claims under the FLSA or the DCMWA, his claims against Defendants Kirch and Stewart lack merit. Individual liability under the FLSA and the DCMWA only exists when the individual is "acting directly or indirectly in the interest of an employer". 29 U.S.C. § 203(d); D.C. Code § 32-1002(3). An individual is deemed an "employer" when it exerts a certain degree of control over the employee. *See Morrison v. International Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.D.C. 2001) (applying an "economic realities test" to determine employment relationship which include factors such as alleged employer's power to hire and fire, supervise and control employee's work and schedule, and determine salary).

The Complaint is utterly devoid of any allegations that Kirch qualifies as an "employer" for the purposes of this case. Plaintiff does not allege that Kirch fired or hired him, supervised his work, controlled his schedule, or determined his salary. In fact, there is not a single allegation that Kirch had anything to do with the compensation policy review that is the focus of this case. Rather, Plaintiff simply contends that Kirch was unresponsive to his letter that was written <u>after</u> his termination of employment. He does not even allege that Kirch had any duty, legal or otherwise, to respond to the letter, and he could not make such an assertion in good faith. The Court, therefore, should reject Plaintiff's unsupported legal conclusions and dismiss Defendant Kirch from this action. *See Warren,* 353 F.3d at 39.

Plaintiff has also failed to sufficiently allege that Stewart is an employer for the purposes of this case. Plaintiff does not allege that Stewart controlled his working conditions or supervised his work. Instead, he alleges that Stewart fired him for violating a company wide policy on falsification of information. This allegation alone is not dispositive as to whether Stewart can be considered an employer for the purposes of the FLSA or the DCMWA. *See Morrison,* 253 F.3d at 11 (finding that no one factor is dispositive of employment status). Otherwise, any supervisor or manager would qualify as an employer and therefore would be subject to personal liability under these statutes. This clearly was not the purpose of either law. *See Donovan v. Agnew*, 712 F.2d 1509, 1513 (1st Cir. 1983) (noting that FLSA's definition of employer taken literally would impermissibly impose liability upon any supervisory employee). Accordingly, Plaintiff has failed to allege sufficiently that Stewart is an employer, and she also should be dismissed from the case.

**D.     Plaintiff Cannot State a Claim of Wrongful Discharge in Violation of Public Policy Because a Statutory Remedy is Available.**

In support of his wrongful discharge claim, Plaintiff alleges that he was terminated in violation of a public policy found in the DCMWA that employees be paid for overtime hours worked. *Complaint* at ¶51. He claims that his termination for advocating on behalf of Mr. James contravened that policy.

The District of Columbia recognizes the common law tort of wrongful discharge in violation of a public policy. *See Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34 (D.C. 1991) Courts, however, view the public policy exception very narrowly, and do not permit tort recovery for violation of labor statutes containing their own administrative remedies. *See Nolting v. National Capital Group, Inc.*, 621 A.2d 1387, 1390 (D.C. 1993). In this case, the DCMWA provides a private right of action for individuals who feel they have been terminated in violation of the DCMWA's retaliation provision. Indeed, Plaintiff has asserted a claim of retaliation under the DCMWA. The fact that Plaintiff cannot allege sufficient facts to support a claim of retaliation under the DCMWA does not give him the right to assert a common law claim. *See Honeck v. Nicolock Paving Stones of New England, LLC*, No. Civ.:3:04 CV1577, 2005 WL 1388736, at *3 (D.Conn. Jun. 10, 2005) (recognizing that common law wrongful discharge claim is not "catch-all" for those who either procedurally or on the merits fail to establish a statutory claim). For all of these reasons, Plaintiff's wrongful discharge claim must be dismissed in its entirety.

Even if the court does not dismiss this claim against Defendant AAMC, it must dismiss the claim again Defendants Kirch and Stewart, because as individuals, they did not employ

Plaintiff. Although the FLSA and the DCMWA may have a more expansive definition of employer that can provide for individual liability, these definitions do not apply to common law claims for wrongful discharge.

## Conclusion

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint in its entirety with prejudice, and that it award to Defendants their reasonable attorneys' fees and costs, and such further relief as the Court may deem proper.

Respectfully submitted,

_____/S/_____
Michael L. Stevens, D.C. Bar No. 384887
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000
Counsel for Defendants

Dated: January 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DEMETRIUS HICKS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ASSOCIATION OF AMERICAN** )<br>**MEDICAL COLLEGES,** *et al.*, )<br>)<br>**Defendants.** )<br>) | Case No. 07-0123(ESH) |

## ORDER

**UPON CONSIDERATION** of the Motion of Defendants AAMC, Kirch, and Stewart to Dismiss the Complaint, any opposition thereto and the arguments of the parties, it is this ___ day of _____, 2007, hereby

**ORDERED,** that the Motion is granted, and it is hereby

**FURTHER ORDERED,** that the Complaint is hereby dismissed in its entirety with prejudice with respect to each of the Defendants.

_____
Judge Ellen Segal Huvelle